UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORBERT WU, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>    v.<br><br>PEARSON EDUCATION, INC.,<br><br>    *Defendant*. | No. 10-CV-06537 (KBF)<br><br>Hon. Katherine B. Forrest<br><br>**ECF CASE**<br>**Filed Electronically** |

**PLAINTIFF'S COUNTER STATEMENT OF MATERIAL FACTS
PURSUANT TO LOCAL RULE 56.1 IN OPPOSITION
TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Norbert Wu ("Wu"), by and through undersigned counsel, pursuant to Local Civil Rule 56.1, respectfully submits this counterstatement of material facts as to which there are genuine issues to be tried in connection his claims in response to Defendant's Rule 56.1 Statement and in support of his Opposition to Defendant Pearson Education, Inc.'s ("Defendant" or "Pearson") Motion for Summary Judgment.

**Response to Defendant's Statement of Facts**

    1.    Not contested.

    2.    Not contested.

    3.    Not contested.

    4.    Contested as incomplete statement of allegations. Plaintiff's Complaint also alleges, among other things, that:

- "Defendant has consistently and systematically placed third-party content from PAL into new programs and publications <u>prior to seeking permission</u> from the copyrights owners to exploit their work." Compl. ¶ 13 (emphasis added).

- "Upon information and belief, Defendant has published thousands of photographs, including those detailed herein, <u>without obtaining prior permission</u> from the owners of the copyrights to these photographs." Compl. ¶ 15.

- "Upon information and belief, at all relevant times, Defendant understood that it was required to obtain permission to use photographs <u>prior</u> to using, displaying, or publishing them in its various textbooks and other publications." Compl. ¶ 17.

- "Upon information and belief, Defendant published Plaintiff's [ ] photograph in its publication titled and/or referred to as [ ] <u>without obtaining prior permission</u> from Plaintiff." Compl. ¶¶ 27-44.

5. Not contested.

6. Not contested.

7. Contested. Mr. Wu's agreements with his licensing agents require licensing of his photos according to a Right Managed licensing model. *See* Church Decl. Exs. 2-6. Because the images are required to be licensed as Rights Managed images, Mr. Wu's agents are contractually required to manage the rights of his photos, which is not possible if Pearson Education, Inc. – or any licensee or end user – uses photos prior to requesting and obtaining permission. *Id.* Mr. Wu's agents understand that it is not acceptable to allow publication prior to licensing being fully completed. McCulloch Decl. Ex. 1 ("Wu Dep.") at 18:13-16 ("I would say that we always request that a publisher or whoever is using our images ask us beforehand."); 88:8-15 ("We need to agree on the image, the way the image is used, . . . the print run, the dates of publication, the exact publication, the size of the image, all those usage details have to be agreed upon and a fee agreed upon before we will issue a license and issue an invoice."). Mr. Wu also testified that he

does not condone his agencies granting retroactive licenses. *Id.* at 122:9—125:22. In particular, Mr. Wu testified that his agents may be granting Pearson retroactive licenses only because they are being duped and tricked by Pearson or fear being blacklisted. *Id.* Mr. Wu also testified that his agents do not condone Pearson's publishing of images before completing licensing. *Id.* at 270:20-24.

8. Contested. Although Mr. Wu's agents have certain discretion over the nature of the licenses that they grant, all licenses must conform to basic Rights Managed licensing principles because Mr. Wu's contracts are for Rights Managed license models. *See, e.g.*, Church Decl. Ex. 2, ¶ 4.4 (precluding Royalty Free licensing); Wu Dep. at 118:12-19 ("I'd have a problem with anything, with things that would differ from the scenario described earlier where, and in this case, I would expect the agent to adhere to general industry practices and that he would obtain all information about the use and negotiate.") Licenses issued by Mr. Wu expressly state: "No retroactive licensing. Any use prior to the date of this invoice is not authorized by this license." Wu Dep. at 78:10-14. Licenses issued by Mr. Wu's include similar language. *See* Church Decl. Ex. 18, ¶ 11.1. For instance, all licenses issued by Minden Pictures provide: "Submission is for examination and reference only. Images may not be reproduced, copied or used I any way whether in sketches, photocopies, duplicates, scans or comps without (a) express written permission on a Minden Pictures' invoice stating the rights granted and terms thereof and (b) payment of said invoice." McCulloch Decl. Ex. 2 (Wu Dep. Ex. 21), ¶ 1(b). Minden Pictures licenses also provide: "No rights are granted until payment is made to Minden Pictures, even though Recipient has received an invoice." *Id.* ¶ 11. Minden Pictures invoices also state: "Receipt of an invoice outlining fees and subsequent rights does not constitute copyright clearance nor permit use or distribution of an image. Licensing rights are conveyed

only upon Minden Pictures receipt of payment in full of the amount invoiced." *Id.* ¶ 12. National Geographic Stock invoices similarly state: "No rights are granted until payment is received by NGS, even though you have received this invoice and delivery agreement." Church Decl. Ex. 8 at 12, ¶5(b). Mr. Wu also testified that it is an industry-accepted perspective that publishing photos prior to completing licensing is not acceptable. Wu Dep. at 372:19—373:7 ("Q. Is that an accurate statement, that it is an industry, in your opinion, it's an industry-wide belief that late permissioning is improper? [Objection] A. I did say his earlier that, you know, to answer your question in a short fashion, yes, you know, folks in the industry, generally, you know, believe late permissioning is not a good thing and the reasons for that are the many fold, which I have explained earlier.").

9. Contested. The alleged licenses on which Pearson attempts to rely are invalid due to Pearson's failure to disclose material information to Plaintiff's licensing agents, including the actual intended uses of Mr. Wu's photos and that the books for which licenses were being requested already had been printed and published prior to Pearson's request for a license. Compl. ¶ 12-13, 20; Wu Dep. at 415:8-20; McCulloch Decl. Ex. 4 ("Orr Dep.") at 105:6-8 ("There was no different procedure for obtaining permissions for publications that were already printed . . . [because] we didn't realize that there was a need for that."). Pearson does not deny the allegations in Paragraphs 12-13, 20 of the Complaint.

10. Contested. During his deposition examination of Mr. Wu, Defendant's counsel, David Marston, Jr., failed to provide Mr. Wu with complete and accurate copies of the licensing documents. Wu Dep. at 367:4-15 ("Did Mr. Marston show you the license terms agreed to when the order was placed? A. License terms agreed to? No, I don't recall that. Q. So, you don't know from this document what the license terms agreed to when the order was placed, do you?

[Objection] A. No, I haven't seen that. No, I wouldn't know that."); *id.* at 416: 7-12 ("Q. Did Mr. Marston show you the terms and conditions on the back of this invoice either? A. No. Q. Do you know why? A. No, I don't."); *id.* at 419:21—420:1 ("Q. Did Mr. Marston show you the invoice from Minden Pictures to Pearson regarding this publication? A. No, he did not. Q. So the only thing we have is this permission request order? A. Okay, yes."); *id.* at 422:9-16 ("Q. When Mr. Marston was going through that questioning with you, did he show you any of those terms or conditions from Minden or Science Faction or Peter Arnold or Getty Images that those licenses are all subject to? A. No."). Upon being showed the terms and conditions of the invoices, Mr. Wu agreed that Pearson's use of his photographs prior to completing licensing was without permission, unauthorized, and infringing. Wu Dep. at 422:25—424:17; 425:23—424:5.

11. Not contested.

12. Not contested.

13. Not contested. Upon being showed the terms and conditions of the invoices, Mr. Wu agreed that Pearson's use of his photographs prior to completing licensing was without permission, unauthorized, and infringing. Wu Dep. at 422:25—424:17; 425:23—424:5.

14. Contested. Mr. Wu is not a contract law or copyright law expert. Also, during his deposition examination of Mr. Wu, Defendant's counsel, David Marston, Jr., failed to provide Mr. Wu with complete and accurate copies of the licensing documents. Wu Dep. at 367:4-15; 416: 7-12; 419:21—420:1; 422:9-16.

15. Contested. The alleged licenses obtained by Pearson without full disclosure of relevant usage information are invalid. Compl. ¶¶ 12-13, 20. *See supra* No. 7-9.

16. Contested. The alleged licenses obtained by Pearson without full disclosure of relevant usage information are invalid. Compl. ¶¶ 12-13, 20. *See supra* No. 7-9.

17. Contested. *See, e.g.*, McCulloch Decl. Ex. 2, ¶ 1(b) ("Submission is for examination and reference only. Images may not be reproduced, copied or used I any way whether in sketches, photocopies, duplicates, scans or comps without (a) express written permission on a Minden Pictures' invoice stating the rights granted and terms thereof and (b) payment of said invoice."); *id.* ¶ 11 ("No rights are granted until payment is made to Minden Pictures, even though Recipient has received an invoice."); *id.* ¶ 12 ("Receipt of an invoice outlining fees and subsequent rights does not constitute copyright clearance nor permit use or distribution of an image. Licensing rights are conveyed only upon Minden Pictures receipt of payment in full of the amount invoiced."); Church Decl. Ex. 8 at 12, ¶5(b) ("No rights are granted until payment is received by NGS, even though you have received this invoice and delivery agreement.").

18. Contested. *See* Wu Dep. at 123:1-20; 125:2-17 ("These publishers have gone and used our images without, without our permission and then come to us later and ask for permission and you haven't been aware of it because it's, what we're terming stealth, stealth licensing, where they use every method possible to keep you from realizing that it's a license that's happening after the fact.").

19. Mr. Wu testified that he was not aware of this sort of misuse of his photos because it is the practice of publishers to deceive vendors and conceal information. Wu Dep. at 123:1-20; 125:2-17 ("These publishers have gone and used our images without, without our permission and then come to us later and ask for permission and you haven't been aware of it because it's, what we're terming stealth, stealth licensing, where they use every method possible to keep you from realizing that it's a license that's happening after the fact."). Mr. Wu testified that photographers are only recently becoming aware of this scheme of infringement, and that he

intends to address the issue with his licensing agents. Wu Dep. at 439:19-25 ("[W]hen I signed these agreements with my agents, it may be, I would say, ten, five, five years ago, and we've only become aware of this, the problems with the overruns and the late permissioning, you know, in the last two years."); at 440:2-6.

20. Not contested.

21. Not contested.

22. Not contested.

23. Not contested.

24. Not contested.

25. Not contested.


Dated: New York, New York
      July 24, 2012

                                    NELSON & McCULLOCH LLP

                                    Danial A. Nelson (DN4940)
                                    Kevin P. McCulloch (KM0530)
                                    The Chrysler Building
                                    405 Lexington Ave., 26th Floor
                                    New York, New York 10174
                                    T: (212) 907-6677
                                    F: (646) 308-1178

                                    dnelson@nelsonmcculloch.com
                                    kmcculloch@nelsonmcculloch.com

                                    *Attorneys for Plaintiff Norbert Wu*

# CERTIFICATE OF SERVICE

I, Danial A. Nelson, an attorney, hereby certify that I caused a true and correct copy of the foregoing document to be served via ECF and or electronic mail on all counsel listed below.

J. Gordon Cooney, Jr.
David W. Marston, Jr.
Ezra Dodd Church
1701 Market Street
Philadelphia, PA 19103
Tel: 215-963-5000
Fax: 215-963-5001
jgcooney@morganlewis.com
dmarston@morganlewis.com
echurch@morganlewis.com


Namita E. Mani
Shana R. Cappell
101 Park Avenue
New York, New York 10178
Tel: 212-309-6000
Fax: 212-309-6001
nmani@morganlewis.com
scappell@morganlewis.com


Dated: July 24, 2012

NELSON & McCULLOCH LLP
dnelson@nelsonmcculloch.com